UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| LORI L. TENHOPEN, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 5:09-CV-0829-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.  Introduction.

Plaintiff, Lori L. Tenhopen, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a Period of Disability ("PD") and Disability Insurance Benefits ("DIB").  Plaintiff timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Plaintiff was forty-one years old at the time of the Administrative Law Judge's ("ALJ") decision.  She has a high school education and two years of

college. (Tr. at 15.) She has past relevant work experience as a cashier, credit analyst, customer service representative, office manager, and accounting clerk. *Id.* Plaintiff alleges disability beginning August 3, 2006, due to severe lumbar degenerative disc disease, excessive kidney stones, and tennis elbow. *Id.* at 96.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii). Otherwise, the analysis

continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §§ 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that

Plaintiff met the insured status requirements of the Social Security Act through the date of his decision. (Tr. at 10.) He further determined that Plaintiff has not engaged in substantial gainful activity since August 3, 2006, the alleged onset of her disability. *Id*. According to the ALJ, Plaintiff's combination of impairments—consisting of degenerative joint disease, fibromyalgia, hypertension, sleep apnea, reduced cardiac ejection fraction, history of kidney stones, and obesity—qualify as "severe" based on the requirements set forth in the regulations, but Plaintiff's alleged depression and anxiety are non-severe. *Id*. The ALJ found that Plaintiff's impairments neither met nor medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. He found that while Plaintiff's medically determinable impairments could reasonably be expected to produce her alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. *Id*. at 12. He determined that Plaintiff has the following residual functional capacity: she can

> perform a reduced range of sedentary work with no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. She should avoid activities

> which include the use of ladders, ropes, or scaffolding and should avoid work involving concentrated exposure to extreme cold, wetness, or humidity.  She should avoid all exposure to hazards of working with dangerous moving machinery or working at heights.

*Id*. at 11.

The ALJ found that, although Plaintiff is unable to perform any past relevant work, she has the residual functional capacity ("RFC") to perform certain skilled and unskilled sedentary work. (Tr. at 15-16.) The Vocational Expert ("VE") testified, consistent with the Dictionary of Occupational Titles, that an individual with Plaintiff's skills and limitations (as hypothesized by the ALJ) would be able to perform work as a customer complaint clerk, credit counselor, box inspector, charge account clerk, and surveillance system monitor. *Id*. At 16.  Based on this testimony, the ALJ found that Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. *Id*.  The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 3, 2006 through the date of this decision." *Id*.

II.  Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's

decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Plaintiff contends that the Commissioner's decision finding her not disabled is due to be reversed because it is not supported by substantial evidence. (Doc. 7.) She argues that the ALJ failed to properly consider her impairments in combination, to apply SSR 02-01p governing consideration of obesity in his RFC analysis, and to apply the appropriate guidelines governing consideration of a less than sedentary RFC. *Id.*

A.   Consideration of Impairments in Combination.

Plaintiff contends that although the ALJ found that Plaintiff has a severe combination of impairments, he "never actually considered [the

impairments] in combination...." (Doc. 7 at 5.) In particular, Plaintiff argues that the ALJ gave short shrift to the effects and limitations resulting from Plaintiff's recurrent kidney stones in combination with her other impairments. *Id.* at 6.

The ALJ must consider the combined effect of all impairments in assessing the claimant's disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). A claimant should be considered in the whole and not evaluated in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 532-33 (11th Cir. 1993). In *Reliford v. Barnhart*, 157 Fed. Appx. 194 (11th Cir. 2005), the Eleventh Circuit Court of Appeals found that the ALJ had considered the combined effects of the claimant's impairments. *Id.* The Court reasoned that the Eleventh Circuit has "repeatedly held that an ALJ's finding regarding a claimant's 'impairment or combination of impairments' established that the ALJ had indeed considered the impact of the claimant's combined impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224-1225 (11th Cir. 2002).

Here, the ALJ sufficiently considered the combined effects of

claimant's impairments at steps two, three, and four of the assessment process. (Tr. at 10-15.) At step two, the ALJ found Plaintiff's degenerative joint disease, fibromyalgia, hypertension, sleep apnea, reduced cardiac ejection fraction, history of kidney stones, and obesity to constitute a "severe combination of impairments." *Id.* at 10. At step three, the ALJ assessed that "[t]he claimant does not have an impairment *or combination of impairments* that meets or medically equals one of the listed impairments." *Id.* (emphasis added). At step four, the ALJ made his assessment "[a]fter careful consideration of the entire record." *Id.* at 11. Further, the ALJ "considered all symptoms and the extent to which these symptoms" could reasonably be construed as consistent with the objective medical evidence. *Id.* This Court finds that the ALJ adequately evaluated Claimant's impairments in combination through his discussion of Claimant's physical and mental impairments. *Id.* at 10-15. The ALJ's findings and articulations of the above impairments are sufficient to establish that the ALJ properly considered the combined effects of all impairments. *See, e.g., Wilson*, 284 F.3d at 1224-25.

B.   Consideration of SSR 02-01P Regarding Obesity.

Plaintiff contends that the ALJ failed properly to consider and apply Social Security Ruling 02-01p ("SSR 02-01p") once he had determined Plaintiff's obesity to be severe in combination with her other impairments. (Doc. 7 at 7.) SSR 02-01p provides guidance for the consideration of obesity in the disability analysis. The ruling clarifies that obesity is considered by the Social Security Administration "to be a medically determinable impairment." SSR 02-01p (Sept. 12, 2002). It reminds adjudicators "that the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* Adjudicators are instructed to consider the effects of obesity at each step of the disability determination process, "including when assessing an individual's residual functional capacity." *Id.*

Here, the record is clear that the ALJ properly considered Plaintiff's obesity in reaching his decision. At step two of the analysis he specifically found that Plaintiff's obesity is one of several impairments that are "severe" in combination. (Tr. at 10.) At step four, the RFC determination, he explicitly considered Plaintiff's obesity, finding that though her obesity is

"severe," "the record is inconsistent" as to how obesity "impacted on her musculoskeletal system or general health." *Id*. at 12.  The ALJ carefully and clearly considered the record evidence of Plaintiff's obesity and its effects in assessing her RFC and determining that she is not disabled.  This is precisely what SSR 02-01p requires.

C. Less Than Sedentary Residual Functional Capacity.

The ALJ found that Plaintiff has the RFC to perform "a reduced range of sedentary work with no more than occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling." (Tr. at 11.) Plaintiff contends that the ALJ failed to properly consider Social Security Ruling 96-9p, "Determining Capability to do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work" ("SSR 96-9p").  (Doc. 7 at 9.)

SSR 96-9p states that an RFC for less than the full range of sedentary work "reflects very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare." SSR 96-9p (July 2, 1996).  The ruling gives guidance for determining when a claimant's functional limitations should result in a less-than-sedentary RFC.  The ALJ

found that Plaintiff can perform no more than occasional climbing of ramps and stairs, balancing, kneeling, crouching, crawling, and stooping. SSR 96-9p makes it clear that all but the last of these limitations has little impact on the occupational base available for the full range of sedentary work: "Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." *Id*. As for stooping, a "complete inability to stoop would significantly erode the unskilled sedentary occupational base," normally resulting in a finding of disability. *Id*. But "restriction to occasional stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work." *Id*. Thus, following the guidelines of SSR 96-9p, Plaintiff's only limitation resulting in a less-than-sedentary RFC is her restriction to occasional stooping. The ALJ properly presented Plaintiff's limitations in his hypothetical to the Vocational Expert ("VE"), including the restriction to occasional stooping. (Tr. at 45-46.) Based on the hypothetical, the VE found that Plaintiff could perform *unskilled*

sedentary work as a box inspector, charge account clerk, and surveillance system monitor. Each of these jobs exists in significant numbers in the national economies. *Id.* at 46. Plaintiff is also capable of *skilled* sedentary work. Although incapable of performing any past relevant work, Plaintiff acquired skills from her past relevant work that are transferable to work she is capable of performing even with her limitations. Specifically, the VE testified that a person with Plaintiff's skills and limitations is capable of performing work as a customer complaint clerk and credit counselor. *Id.* at 46.

SSR 96-9p specifically states that "a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of 'disabled.' If the performance of past relevant work is precluded by an RFC for less than the full range of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience." SSR 96-9p. The ALJ properly hypothesized to the VE the Plaintiff's limitations resulting in a less-than-sedentary RFC, and the VE testified to jobs existing in significant numbers

in the national economy that Plaintiff is capable of performing with her limitations. The ALJ's finding that Plaintiff is not disabled was thus in accordance with SSR 96-9p and supported by substantial evidence.

IV. Conclusion.

Upon review of the administrative record, and considering all of Plaintiff's arguments, the Court finds that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 5th day of August 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671